[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11140
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00501-KD-N

ALVIN LEE MARTIN,

Plaintiff,

CHERYL MARTIN,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 31, 2011)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Cheryl Martin appeals the district court's dismissal of her tort claim against an employee of the United States Postal Service ("USPS"). On December 4, 2006, Martin was involved in a car accident with Sherry Lynn Harris, a USPS employee acting in the scope of her employment. On December 2, 2008—two days before the statute of limitations would bar suit—Martin sued Harris in state court. Approximately nine months later, Martin filed an administrative claim for relief with the USPS, and, in February 2010, she filed a voluntary notice of dismissal of the state court action. Accordingly, the state court dismissed the suit on March 2, 2010. The USPS constructively denied Martin's claim for administrative relief in March 2010, which led her to file the instant lawsuit in federal court. The district court dismissed the suit as time-barred. After review of the parties' briefs and the record, we affirm.

## I.

"In reviewing the district court's decision to grant the motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(1), lack of subject matter jurisdiction, this Court reviews the legal conclusions of the district court *de novo*." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*, 501 F.3d 1244, 1250 (11th Cir. 2007).

"[A] waiver of the Government's sovereign immunity will be strictly

construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092 (1996). The Federal Tort Claims Act ("FTCA") abrogates the United States' sovereign immunity and allows the federal government to be held liable to the same extent as a private individual for certain torts committed by federal employees acting within the scope of their employment. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 700, 124 S. Ct. 2739 (2004); 28 U.S.C. § 1346(b)(1). The FTCA requires a potential plaintiff to submit a claim to the appropriate agency prior to filing suit against the government.[1] The claim must be filed "within two years after [it] accrues . . . ." 28 U.S.C. § 2401(b). Only after agency denial—explicitly or after six months of non-action—is a

---

[1] Specifically, it states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a).

judicial remedy available. *Id*. at § 2675(a). Before administrative exhaustion, a district court lacks jurisdiction to hear an FTCA claim. *See Burchfield v. United States*, 168 F.3d 1252, 1254–55 (11th Cir. 1999).

In limited circumstances, an FTCA claim that is not filed with the appropriate administrative agency within the two-year limitations period may nonetheless be timely pursuant to 28 U.S.C. § 2679(d)(5). That section provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to [the administrative exhaustion requirement], such a claim shall be deemed to be timely presented . . . if—
> > (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> > (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

§ 2679(d)(5). Therefore, in limited circumstances, FTCA claims that did not originally satisfy the time constraints for filing an administrative claim will not be dismissed.

## II.

Martin concedes that her suit is timely only if she satisfies § 2679(d)(5). She argues that her situation is the exact circumstance that the provision exists to

rectify. Specifically, she filed a timely suit in state court—prior to exhausting administrative remedies—and chose to dismiss it to pursue her administrative remedies. Martin believes that the government erred by failing to substitute the United States as the defendant, pursuant to § 2679(c) and (d)(2),[2] before her voluntary dismissal. She repeatedly emphasizes that the failure of USPS counsel to notify the Attorney General of the claim left her without recourse. We disagree and determine that the district court's ultimate conclusion was correct.

The relevant provision unquestionably includes a threshold condition, namely that there is "an action or proceeding in which the United States is substituted as the party defendant" that "is dismissed for failure first to present a claim" to the proper administrative agency. § 2679(d)(5). Here, Martin quite

---

[2] Section 2679(d)(2) states, in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

clearly fails to meet that condition. The United States was never substituted as the defendant in the state court action. Instead, Martin voluntarily dismissed that suit while Harris remained the only defendant. Plaintiff's counsel could have quite easily satisfied § 2679(d)(5)'s requirement by declining to voluntarily dismiss the lawsuit and forcing the government to substitute the United States as the defendant in place of Harris. If that had been done, Martin would not be facing the problem she encounters today. As the clear language of § 2679(d)(5) requires the United States to be a party defendant, we conclude that Martin's claim cannot be saved by that exception. Therefore, her administrative claim, filed more than two years after the claim arose, is time-barred. Because Martin failed to satisfy the administrative exhaustion requirement, the district court lacked jurisdiction to hear her claim. Accordingly, we affirm.

**AFFIRMED.**